# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-029-RLV-DCK

| | |
|---|---|
| NILOY, INC. d/b/a DCT SYSTEMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOWE'S COMPANIES, INC., ) <br> ) <br> Defendant. ) <br> ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Leave To Take Early Discovery" (Document No. 31). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion.

## BACKGROUND

Plaintiff Niloy, Inc. d/b/a DCT Systems ("Plaintiff" or "DCT") initiated this action with the filing of its "Complaint" (Document No. 1) against "Defendant Lowe's Companies, Inc. ("Defendant" or "Lowe's") on February 18, 2016. The Complaint asserts the following claims: suit on open account/breach of contract; breach of contract (on behalf of DCT's subcontractors); breach of express and implied covenant of good faith and fair dealing; unjust enrichment; unfair and deceptive trade practices; and attorney's fees and expenses of litigation. (Document No. 1, pp.14-22).

"Defendant's Partial Motion To Dismiss Plaintiff's Complaint" (Document No. 18) was filed on April 11, 2016. The motion to dismiss seeks dismissal of all Plaintiff's claims except the breach of contract claim raised in Count I. (Document No. 18, p.1). Also on April 11, 2016,

"Defendant's Answer And Counterclaims" (Document No. 19) was filed. Defendant asserts counterclaims for: breach of contract; unfair and deceptive trade practices; negligent misrepresentation; and fraud. (Document No. 19, pp.12-16). "Plaintiff's Answer To Defendant's Counterclaim" (Document No. 26) was filed on May 19, 2016. The motion to dismiss has been fully briefed, and the presiding District Judge, the Honorable Richard L. Voorhees will issue a decision in due course. See (Document Nos. 27 and 30).

"Plaintiff's Motion For Leave To Take Early Discovery" (Document No. 31) was filed on July 15, 2016. This motion has also been fully briefed, and as noted above, is referred to the undersigned for disposition. See (Document Nos. 32 and 33).

**DISCUSSION**

By the instant motion, Plaintiff argues there is good cause to allow "early discovery" regarding its claim for breach of contract. (Document No. 31, p.1). Specifically, Plaintiff seeks leave to serve requests for production and interrogatories limited to documentation related to the underlying contract in this case known as the Master Professional Services Agreement (the "MPSA"). Id. Plaintiff notes that Defendant has not moved to dismiss its claim for breach of the MPSA; moreover, there is no motion to dismiss Defendant's counterclaims. (Document No. 31, p.2).

In response, Defendant argues that Plaintiff has failed to establish good cause for discovery to begin, or that it will be irreparably harmed if discovery is further delayed. (Document No. 32). Defendant also argues that Plaintiff's request is not narrowly tailored. Id.

In its reply, Plaintiff notes that Defendant "does not dispute, or even address, DCT's primary argument for beginning discovery: the scope of discovery will not be affected by Lowe's pending motion to dismiss, regardless of whether it is granted or denied." (Document No. 33, p.1).

2

Plaintiff further notes that "[b]oth parties have asserted breach of contract claims, and Lowe's has asserted counterclaims, that are not subject to the motion to dismiss." Id. Plaintiff contends that beginning discovery now serves the interests of fairness and efficiency. Id.

In this instance, the undersigned agrees with Plaintiff. Answers to Plaintiff's Complaint and to Defendant's Counterclaims have been filed. (Document Nos. 19 and 26). Moreover, there is no dispute that several claims the parties have asserted are not subject to dismissal at this time and will proceed through the litigation process at some point. In short, the undersigned finds that process should begin now.

Under these circumstances, the Court will direct the parties to conduct their Initial Attorney's Conference and file a Certification of Initial Attorney's Conference consistent with the requirements of Fed.R.Civ.P 26 and Local Rule 16.1. The parties' proposed discovery plan should accommodate discovery related to the parties' claims that are not currently subject to dismissal in Defendant's pending "…Partial Motion To Dismiss Plaintiff's Complaint" (Document No. 18).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Leave To Take Early Discovery" (Document No. 31) is **GRANTED**, as more fully described herein. The parties shall conduct their Initial Attorney's Conference on or before **September 2, 2016**.

**SO ORDERED**.

Signed: August 18, 2016

David C. Keesler
United States Magistrate Judge